# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**COLUMBUS J. SOUTHERLAND, III. and**
**SOUTHERLAND COMPANY,**

    **Plaintiffs,**

v.                                                            Case No.  8:07-CV-1949-T-30TBM

**STATE OF FLORIDA and FRANK**
**ANGELO SANNA,**

    **Defendants.**
_____

## ORDER

THIS CAUSE comes before the Court on Plaintiff Columbus J. Southerland's motion to proceed *in forma pauperis* (Dkt. 2). Upon review, his Affidavit of Indigency indicates that Plaintiff lacks the resources necessary to pay the filing fee for this action. After close consideration of the complaint, applicable statutes and rules, and controlling case law, and being otherwise fully advised, the Court concludes that the Complaint is subject to dismissal under 28 U.S.C. 1915(e).

### Standard of Review

Title 28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). This provision accords judges the authority "to dismiss a claim based on an indisputably meritless legal theory" or "those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S.

319, 327 (1989); Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002). In other words, an action may be dismissed as frivolous when the plaintiff "has little or no chance of success," Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (citing Harris v. Menendez, 817 F.2d 737, 741 (11th Cir. 1987)) or the "plaintiff's realistic chances of ultimate success are slight." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (quoting Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990)).

A district court's authority to dismiss a complaint as frivolous under § 1915(e) is broader than dismissal under Rule 12 of the Federal Rules of Civil Procedure. Sun, 939 F.2d at 925 (citing Menendez, 817 F.2d at 739-40). However, the court should liberally construe *pro se* pleadings and hold them to a less stringent standard than pleadings drafted by attorneys. Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

**Background**

Plaintiff initiated this cause of action under 42 U.S.C. §§ 1983, 1984, and 1985, alleging violations of his right to equal protection under the Fourteenth Amendment. The action has its origins in a state criminal proceeding initiated September 22, 2000, charging Plaintiff for contracting to perform painting for the victim, Frank Sanna, without having complied with Florida law governing the certification, licensing, and registration requirements for specialty contractors working within the state. See Fla. Stat. §§ 489.113; 489.117; and 489.131.[1]

---

[1]The Court takes judicial notice of information available at the Consolidated Justice Information (continued...)

Following a jury trial during which Plaintiff proceeded *pro se*, he was found guilty on December 11, 2000. Adjudication was withheld, and Plaintiff was placed on probation for a term of twelve (12) months. Plaintiff's motion to stay the execution of the sentence was granted, and Plaintiff posted a supersedeas bond. Following a hearing on December 27, 2000, Plaintiff was ordered to pay Sanna $1,901.17 in restitution. Plaintiff appealed the conviction through the state courts without success. The United States Supreme Court denied Plaintiff's petition for writ of certiorari on October 3, 2005. See Southerland v. Florida, 546 U.S. 895 (2005). Plaintiff began serving his sentence on October 28, 2005.

The Complaint raises a claim for damages under 42 U.S.C. § 1983, 1984, and 1985 "providing for equal rights of citizens within the United States and a right guaranteed to Plaintiff by the . . . Fourteenth Amendment." See (Dkt. 1 at 1). Specifically, Plaintiff complains that Defendant Sanna[2] conspired with others to hurt [Plaintiff's] business reputation in the surrounding community[,] resulting in injury of an excess of $200,500.00 dollars." Id. at ¶ 5.

In his statement of facts, Plaintiff states:

Plaintiff's ex-wife has learned that she is the biological daughter of the powerful and influential ex-senator Barry Goldwater of Arizona, who shared a room with ex-pre[s]ident Ronald Reagan while attending the University of California. To make matters worse, she was close friends with ex-justice of the Supreme Court, Sandra Day O'Conner.

---

[1](...continued)
System, http//pubtitlet.co.pinellas.fl.us/justice/GEInput.jsp, maintained by the Clerk of the Sixth Judicial Circuit Court, Pinellas County, Florida, viewed on October 31, 2007, Case No. CTC 0027705-MMANO (Fla. 6th Jud. Cir. Ct. 2005)

[2]Mr. Sanna was also named by Plaintiff as a Defendant in the complaint he filed on May 3, 2000, Case No. 8:00-CV-836-26TGW (M.D. Fla. 2001).

> Defendant Frank Sanna was caught obtaining services without any intention of paying and Defendant State of Florida falsely prosecuted the Plain[t]iff because of the influence of powerful People

Dkt. 1 at ¶ 3. Having closely reviewed the complaint, the Court concludes that Plaintiff's claim against Defendant State of Florida is jurisdictionally barred and his claim against Frank Sanna does not state a claim for which the Court can grant relief.

First, the State of Florida is entitled to sovereign immunity against Plaintiff's claim. The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to any suit in <u>law or equity</u>, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI (emphasis added).

Although the express language of the Amendment encompasses only suits brought against a state by citizens of another state, the Supreme Court has held that the Amendment also bars suits against a state by its own citizens. See <u>Seminole Tribe of Florida v. Florida</u>, 517 U.S. 44 (1996); <u>Hans v. Louisiana</u>, 134 U.S. 1 (1890). The Supreme Court has further held that § 1983 does not override the Eleventh Amendment and provide a federal forum to litigate claims against states. See <u>Welch v. Texas Dep't of Highways and Public Trans.</u>, 483 U.S. 468, 472-73 (1987); <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 66 (1989);

also Carr v. City of Florence, Alabama, 916 F.2d 1521, 1525 (11th Cir. 1990) (holding Congress did not abrogate Eleventh Amendment immunity in § 1983 cases).[3]

From what the Court can glean from the Complaint, Plaintiff seeks monetary relief against Florida for alleged illegal acts of its officials. Plaintiff's claim is specifically what the Eleventh Amendment bars being brought in this Court.

As to the remaining claim for relief against Defendant Sanna, the Court concludes that Plaintiff has failed to and cannot, consistent with the allegations in the Complaint, state a claim for relief. Section 1983 only provides for claims to redress State action. See 42 U.S.C. § 1983[4]; see also Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001); Patrick v. Floyd Medical Center, 201 F.3d 1313, 1315 (11th Cir. 2000) ("To obtain relief under § 1983, [a party] must show that he [or she] was deprived of a federal right by a person acting under color of state law."). Defendant Sanna is a "private party" for purposes of § 1983.

"Only in rare circumstances can a private party be viewed as a '[S]tate actor' for section 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Private defendants can be held liable under § 1983 if they act in concert with state officials in depriving Plaintiff's constitutional rights. See Lugar v. Edmonson Oil Co., 457 U.S. 922, 932-33, 941-42 (1982). To hold that a private party, such as Defendant Sanna, is a state actor,

---

[3]Plaintiff has not claimed that Florida waived sovereign immunity.

[4]"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . .to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

this Court must conclude that one of three conditions is met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution; (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State; or (3) "the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise." NBC, Inc. v. Communications Workers of America, 860 F.2d 1022, 1026-27 (11th Cir. 1988). Here, Plaintiff has not come forth with any factual allegations which support finding that one of these three conditions is met.

Likewise, Plaintiff fails to state an actionable § 1985(3)[5] conspiracy to violate a private right protected by the United States Constitution. Park v. City of Atlanta, 120 F.3d 1157, 1162 (11th Cir. 1997). In this circuit, a plaintiff is required to show that the defendants "reached an understanding" to deny the plaintiff his rights. See Bailey v. Board of County Commissioners of Alachua County, 956 F.2d 1112, 1122 (11th Cir. 1992); Bendeiburg v. Dempsey, 909 F.2d 463, 468 (11th Cir. 1990). The "linchpin" of a conspiracy claim is agreement, which presupposes communication. See Bailey, 956 F.2d at 1122.

Here, Plaintiff's complaint is devoid of any factual allegations that would support finding that Defendant Sanna conspired with a State actor to Plaintiff's detriment. He simply concludes throughout his Complaint that there was a conspiracy, without any detail of

---

[5] "If two or more persons in any State . . . conspire. . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws;. . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured . . . may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators." 42 U.S.C. § 1985(3).

communication or agreement between the conspirators. To sustain a § 1985 cause of action, Plaintiff must come forward with factual detail about the conspiracy. Conclusory allegations suggesting a conspiracy are insufficient to warrant allowing a matter to go forward. See Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984); Geidel v. City of Bradenton Beach, 56 F. Supp. 2d 1359, 1365 (M.D. Fla. 1999) (dismissing case); Rowe v. City of Fort Lauderdale, 8 F. Supp. 2d 1369, 1376-77 (S.D. Fla. 1998) (same).

In his statement of federal jurisdiction, Plaintiff asserts that he is entitled to redress under 42 U.S.C. §§ 1983, 1984, and 1985 (Dkt. 1 at 1). Sections one and two of § 1984 were declared unconstitutional by the Supreme Court in 1983, see United States v. Singleton, 109 U.S. 3, 26 (1883), and sections three and four were repealed by Congress in 1948, see Act of June 25, 1948, ch. 645, § 21, 62 Stat. 862. Accordingly, Plaintiff has no viable claims under 42 U.S.C. § 1984.

Finally, as to Plaintiff's statement in paragraph 7 of the Complaint that he is seeking redress for violations of 42 U.S.C. §§ 1983, 1985, and 1986[6] (Dkt. 1 at ¶ 7), a cause of action under § 1986 is likewise fatally flawed. The conduct about which Plaintiff complains occurred on October 28, 2005. Plaintiff delayed, however, until October 29, 2007, to file his complaint. Section 1986 provides, in pertinent part, that "no action under the provisions of

---

[6]"Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action." 42 U.S.C.A § 1986.

this section shall be sustained which is not commenced within one year after the cause of action has accrued." 42 U.S.C. § 1986. Thus, any claim raised under § 1986 is time barred.

## Conclusion

Even though the Court construes the Complaint liberally in Plaintiff's favor, Plaintiff's action "has little or no chance of [succeeding on the merits]." In such circumstances, dismissal of this action as frivolous is appropriate and mandated by 28 U.S.C. § 1915(e)(2)(B)(i). The defects in the complaint cannot be cured by either amendment or discovery.

It is therefore **ORDERED AND ADJUDGED** that:

1. The request to proceed *in forma pauperis* is **DENIED** (Dkt. 2).

2. The Complaint is **DISMISSED** pursuant to 28 U.S.C. 1915(e) (Dkt. 1).

3. The **Clerk** is directed to terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on November 7, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-1949.wpd